IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 22-cv-02014-RM

ABDULAI BARRIE,

    Petitioner,

v.

JOHNNY CHOATE, in his official capacity as Warden of the Aurora Contract Detention Facility owned and operated by GEO Group, Inc.,
JOHN FABBRICATORE, in his official capacity as Field Office Director, Denver, U.S. Immigration & Customs Enforcement,
ALEYANDRO MAYORKAS, in his official capacity as Secretary, U.S. Department of Homeland Security,
TAE D. JOHNSON, in his official capacity as Acting Director of Immigration & Customs Enforcement, and
MERRICK GARLAND, in his official capacity as Attorney General, U.S. Department of Justice,

    Respondents.

---

## ORDER

---

Before the Court is Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3).  For the reasons below, the Court denies the requested temporary restraining order, and the case will proceed with respect to the requested preliminary injunction.

**I.**    **LEGAL STANDARDS**

To obtain a temporary restraining order or injunctive relief, a plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary

injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because injunctive relief is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). If the injunction will (1) alter the status quo, (2) mandate action by the defendant, or (3) afford the movant all the relief that he could recover at the conclusion of a full trial on the merits, the movant must meet a heightened burden. *Id.* at 1259.

## II.     BACKGROUND

Petitioner was born in Sierra Leone, where he was forced to serve as a child soldier during the country's civil war. (ECF No. 1, ¶ 6.) In 2005, he was admitted as an asylee into the United States. (*Id.*) In 2021, the Department of Homeland Security ("DHS") arrested him and initiated removal proceedings against him, alleging he was removable from the United States due to his criminal record. (*Id.* at ¶ 38.) Those proceedings are ongoing, as Petitioner has appealed the decision by an immigration judge to deny his application for relief pursuant to the Convention Against Torture. (*Id.* at ¶¶ 45, 48.) At the time of his Verified Petition and Motion, Plaintiff had been detained by DHS for 469 days and was at a detention facility in Aurora, Colorado. (*Id.* at ¶ 2.)

In his Verified Petition, Petitioner asserts that his continued detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedures Act ("APA"). In his Motion, Petitioner seeks a temporary restraining order directing Respondents to either release him or, in the alternative, provide him with a constitutionally adequate, individualized bond hearing.

**III.     ANALYSIS**

Petitioner is being detained pursuant to 8 U.S.C. § 1226(c), which requires the Attorney General to take into custody "criminal aliens" who have been convicted of one of a specified set of crimes.  Although there is no statutory right to periodic bond hearings under § 1226(c), *see Jennings v. Rodriguez*, 138 S. Ct. 830, 851 (2018), aliens in removal proceedings are still entitled to due process of law under the Fifth Amendment, *see Demore v. Kim*, 538 U.S. 510, 523 (2003).  In *Demore*, the Supreme Court declined to indicate at what point a period of mandatory detention is so prolonged that detainees are entitled to an individualized determination as to their risk of flight and dangerousness.

In the absence of a bright-line rule, federal courts in this District and elsewhere have applied a balancing test to evaluate whether mandatory detention without a hearing has become unconstitutionally prolonged based on the following factors:

> (1) the total length of detention to date;
> (2) the likely duration of future detention;
> (3) the conditions of detention;
> (4) delays in the removal proceedings caused by the detainee;
> (5) delays in the removal proceedings caused by the government; and
> (6) the likelihood that the removal proceedings will result in a final order of removal.

*Villaescusa-Rios v. Choate*, No. 20-cv-03187-CMA, 2021 WL 269766, at *3 (D. Colo. Jan. 27, 2021).

Plaintiff seeks a disfavored form of relief that would alter the status quo and mandate action by Respondents, and therefore he has a high burden to meet.  But on the limited record now before the Court, he has not established of a substantial likelihood of prevailing on the merits.  The Court declines to apply the factors above or assess the merits of Petitioner's APA

claim in a vacuum without first having heard from Defendants, who have yet to enter an appearance in this case.

## IV.     CONCLUSION

Therefore, the Court DENIES IN PART the Motion (ECF No. 3) with respect to Petitioner's request for a temporary restraining order.  With respect to his request for a preliminary injunction, the Court directs Petitioner to promptly effect service on Respondents and Respondents to file a Response (or Responses) to the Motion on or before September 6, 2022, with any Reply being due fourteen days thereafter.

DATED this 16th day of August, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge